UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MLC PROPERTIES AND MANAGEMENT, INC., and MLC PROPERTIES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| GREATER NEW YORK MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

**COMPLAINT**

Plaintiffs, MLC Properties and Management, Inc., and MLC Properties, Inc., by their undersigned attorneys, for their Complaint against Defendant, Greater New York Mutual Insurance Company, states:

**FACTS**

1.      Plaintiffs, MLC Properties and Management, Inc., and MLC Properties, Inc. ("Plaintiffs"), are Illinois citizens, being Illinois corporations with their principal places of business in Chicago, Illinois, and at all relevant times herein were and are the owners of the multi-unit residential dwelling located at 7009-15 N. Paulina Street, in Chicago Illinois ("the Building").

2.      Defendant, Greater New York Mutual Insurance Company ("GNY"), is a New York citizen, being a New York corporation with its principal place of business in New York, New York.

3.      This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332 (c)(1) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

1

4.      Venue is proper in this Court pursuant to Title 28, U.S.C. § 1391 because the events giving rise to their claims occurred in this judicial district. Additionally, GNY does business and/or transacts business in this judicial district and, therefore, it is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

5.      GNY issued to Plaintiffs a commercial property insurance policy effective March 31, 2023, to March 31, 2024 ("the insurance policy"), a copy of which is attached to this Complaint as Exhibit A.

6.      Under the "Building and Personal Property Coverage Form" of the insurance policy, GNY insured Plaintiffs against direct physical loss of or damage to the Building caused by or resulting from a covered cause of loss.

7.      Under the "Causes of Loss-Special Form" of the insurance policy, covered causes of loss are risks of direct physical loss unless the loss is limited or excluded in the insurance policy.

8.      Losses caused by hail and wind are not limited or excluded under the terms and conditions of the insurance policy and, therefore, is a covered cause of loss.

**COUNT I**
**(Breach of Contract)**

9.      Plaintiffs re-allege paragraph 1 through 8 of the Facts as paragraph 9 of Count I of the Complaint.

10.     On or about April 4, 2023, while the insurance policy was in full force and effect, the Building was damaged by hail and wind (the loss").

11.     Plaintiffs submitted a claim to GNY for benefits under the insurance policy.

12.     Plaintiffs have substantially performed all pre and post-loss conditions required by the insurance policy to be performed by them, requested of them, and/or not waived by GNY including, but not limited to (a) paying the premiums; (b) giving notice of the loss, (c) cooperating

with GNY in its investigation of the loss and the subsequent claim, (d) submitting a signed proof of loss; and (f) filing suit against GNY within two years of the loss.

13.　　GNY acknowledged certain damages and issued an actual cash value payment of $26,119.32, to Plaintiffs representing what GNY determined to be the covered damage as a result of the loss.

14.　　It is GNY's contractual obligation to pay Plaintiffs for all amounts due under the insurance policy for the covered loss, including the cost to repair/replace the hail and wind damage to the Building.

15.　　Although requested to do so, GNY has failed to pay for all the hail and wind damage to the Building, thus breaching the insurance policy.

16.　　This breach of the insurance contract was and is the direct and proximate cause of damages to Plaintiffs in an amount in excess of $75,000.

17.　　This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Plaintiffs are entitled to prejudgment interest.

WHEREFORE, Plaintiffs, MLC Properties and Management, Inc., and MLC Properties, Inc., pray for judgment in their favor and against Defendant, Greater New York Mutual Insurance Company, in an amount in excess of $75,000, plus prejudgment interest and costs.

## COUNT II
### (Section 155 Relief)

18.　　Plaintiffs re-allege paragraphs 1 through 16 of Count I of the Complaint as paragraph 18 of Count II of the Complaint.

19.　　At the time of the loss, GNY's internal claims policies, practices, and procedures included compliance with the regulations promulgated by the Illinois Director of Insurance within

3

Part 919 of the Illinois Administrative Code as well as compliance with sections 154.5 and 154.6 of the Illinois Insurance Code.

20.     Plaintiffs are entitled to an award of taxable costs under section 155 of the Illinois Insurance Code by virtue of GNY engaging in the following vexatious and unreasonable conduct including, but not limited to:

(a)     failing to acknowledge with reasonable promptness pertinent communications regarding the claim, including, but not limited to, communications on March 5, 2024, April 10, 2024, April 17, 2024, and August 19, 2024, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.40 of the Illinois Administrative Code;

(b)     not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the loss, a claim in which liability was reasonably clear, in violation of section 154.6 of the Illinois Insurance Code and in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.50 of the Illinois Administrative Code;

(c)     knowingly misrepresenting to Plaintiffs in its partial declination letter that the roof suffered from wear and tear; rust, corrosion, decay, deterioration, hidden or latent defect; faulty, inadequate or defective design, workmanship, repair, construction, renovation, remodeling, materials used in repair, construction, maintenance of part or all of any property on or off the described premises; settling, cracking, shrinking or expansion; and/or neglect of an insured to preserve the property from further damage at and after the time of loss, which misrepresentation served as a basis of the partial coverage declination, in violation of section 154.6(a) of the Insurance Code;

(d)     retaining an engineer, YA Engineering Services, to assist in investigation of the claim when GNY knows that YA Engineering Services is repeatedly used by GNY and other insurers, and is biased in favor of insurers, including GNY;

(e)     basing its claims decision upon an incomplete inspection performed by YA Engineering Services, which inspection did not include accessing the courtyard;

(f)     ignoring the findings of Haag Engineering regarding the five roof samples which were submitted which report confirmed the circular markings are hail impact-related and has compromised the life expectancy of the roofing membrane;

(g)     failing to timely provide Plaintiffs with a copy of the YA Engineering Services report;

4

(h)     without proper cause, wrongfully and knowingly refusing to reimburse Plaintiffs for all of their covered hail and wind loss under the insurance policy;

(i)     failing to be fair, open, and to carry out its part of the bargain under the insurance contract in good faith, contrary to its claim handling philosophy; and

(j)     forcing Plaintiffs to retain legal counsel to investigate their loss claim and to sue to recover the benefits that should have been immediately forthcoming under the insurance policy.

WHEREFORE, Plaintiffs, MLC Properties and Management, Inc., and MLC Properties, Inc., pray for an award of taxable costs, including reasonable attorney fees, in their favor and against Defendant, Greater New York Mutual Insurance Company.

**Plaintiffs Demand Trial by Jury**.

/s/ Christina M. Phillips
Christina M. Phillips
Edward Eshoo, Jr.
MERLIN LAW GROUP
181 West Madison, Suite 3475
Chicago, Illinois 60602
Telephone: (312) 260-0806
Facsimile: (312) 260-0808
cphillips@merlinlawgroup.com
eeshoo@merlinlawgroup.com
*Attorneys for Plaintiff*